*Ingersoll*, attorney-general, for the plaintiff. *Lewis*, for the defendant.

---

## BANK OF NORTH AMERICA v. WYCOFF. (a)
### *Notice of non-payment.— Witness.*

The indorser of a promissory note must receive notice, within a reasonable time, of the non-payment of the note by the maker.

An executor, who is entitled to a share in the residuum of his testator's estate, which is interested in the suit, is not a competent witness to prove such notice, although the objection appear on his cross-examination.

CASE, by the indorsee against the payee and indorser of a promissory note, made by Joseph Harrison.

The question was, whether the defendant had received notice within a reasonable time, of the non-payment of the note by the maker? Jacob Lawerswyler, the runner of the bank, was called as a witness, to prove the notice; but after a long examination in chief, he stated on his cross-examination, "that he was the executor of Jacob Winney, a stockholder in the bank of North America; and was entitled to a share in the residuum of the testator's estate."

*152] *The defendant's counsel then objected to the competency of the witness, on account of his interest in the bank. They insisted, that although this appeared after a cross-examination, it was sufficient for the rejection of his evidence altogether; and that, consequently, as there was no proof of notice, independent of his evidence, the plaintiff must be nonsuited.

THE COURT concurring, clearly and explicitly, in the opinion of the defendant's counsel,

The plaintiff suffered a nonsuit.

---

withstanding such a sale. The question above stated was, however, presented to the supreme court, for the first time, for direct decision, in Willard v. Norris, 2 Rawle 56; and then it was held, that when land, subject to a mortgage, is sold under a judgment, obtained subsequently to the execution and recording of the mortgage, the purchaser at sheriff's sale takes the land discharged of the lien of the mortgage. This decision was received with astonishment by the profession, and alarm by the public; and at the ensuing session of the legislature, bills were simultaneously introduced into both houses, to preserve the lien of a mortgage, notwithstanding a sale under a junior incumbrance; subsequently, the act of 6th April 1830, was passed to that effect. Several decisions followed that in Willard v. Morris, sustaining and confirming it; McLanahan v. Wyant, 1 P. & W. 96; Fickes v. Ersick, 2 Rawle 166; Presbyterian Corporation v. Wallace, 3 Id. 109; in this case, the principle was fully discussed, as *res integra;* and the learned arguments of the counsel on both sides, and the elaborate and profound opinion of the court, present a complete disquisition on the subject. Notwithstanding the act of 1830, the lien of a mortgage may be divested by a sale under a junior incumbrance, if such be the agreement of the parties. Shultz v. Diehl, 2 P. & W. 273.[1]

(a) s. c. 2 Yeates 39.

[1] The decisions under the act of 1830, which are foreign to the point involved in Febeiger v. Craighead, will be found collected in Bright. Dig. 1103–4. And see 1 Tr. & H. Pr. § 1317–8.